IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DATRIST McCALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-6-WKW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **ORDER**

On January 12, 2012, the Magistrate Judge filed a Report and Recommendation (Doc. # 2) regarding Petitioner McCall's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. # 1). Petitioner filed a timely objection (Doc. # 5). The court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the Objection is due to be overruled and the Recommendation adopted.

Petitioner objects to the Magistrate Judge's recommendation to dismiss his § 2255 motion without prejudice, and he requests that his § 2255 motion "be placed in [a]beyance and/or stayed" while his direct appeal is pending. (Doc. # 5, at 1.) However, as aptly noted by the Magistrate Judge, "a district court lacks jurisdiction over a petitioner's 28 U.S.C. § 2255 motion during the pendency of the petitioner's direct appeal." (Doc. # 2, at 1 (citing *United States v. Khoury,* 901 F.2d 975, 976

(11th Cir. 1990)).)  While Petitioner's direct appeal is pending, this court has no jurisdiction to entertain his § 2255 motion.

Furthermore, Petitioner's § 2255 motion is premature.  The Eleventh Circuit only recently affirmed Petitioner's conviction and sentence.  *See United States v. McCall*, No. 11-13526 (11th Cir. Feb. 7, 2012).  For purposes of § 2255, Petitioner's federal conviction is not yet final.  *See Atkins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that for purposes of § 2255's one-year limitation period "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Accordingly, it is ORDERED that:

1. Petitioner's objection (Doc. # 5) is OVERRULED;

2. the Recommendation of the Magistrate Judge (Doc. # 2) is ADOPTED; and

3. this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DONE this 10th day of February, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE